UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| PAUL S. LLOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-00128-SEB-DML |
| | ) |
| WASHINGTON COUNTY, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Paul S. Lloyd is currently a prisoner incarcerated in the Washington County Jail in Salem, Indiana. On June 10, 2020, he filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against five defendants: Washington County, Indiana, Washington County Chief Prosecuting Attorney Dustin Houchin, Washington County Sheriff Brent A. Miller, the Honorable Frank Newkirk, Jr., and Indiana State Police Trooper Eric Powers. Although Mr. Lloyd's allegations are not entirely clear, we understand him to claim that the individual Defendants were each involved in some way in preparing, issuing, and/or serving a search warrant on him that was unsupported by probable cause. Additionally, Mr. Lloyd alleges that the individual Defendants fabricated evidence, falsely imprisoned him, and violated his speedy trial rights in Case 88D01-2001-F5-000061, which is currently pending in Washington Superior Court, where he is charged with, among other crimes, possession of methamphetamine and being a felon in possession of a firearm. Mr. Lloyd seeks an award of money damages, notarized letters of apology from the individual Defendants, the commencement of a criminal

1

investigation into Defendants' conduct, Defendants' termination and disbarment, and the immediate dismissal of his state criminal case.

## Complaint Screening

Under 28 U.S.C. § 1915A, "the [federal district] court shall review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and shall dismiss the complaint or any portion of it if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." § 1915A(a), (b).

In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). *Pro se* complaints such as the one filed here by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

We first address Mr. Lloyd's claim against Washington County and Sheriff Miller in his official capacity. Claims alleged against Sheriff Miller in his official capacity are the same as naming Washington County as a defendant. *See Sipe v. Decatur Cty. Sheriff*, No. 1:12-cv-1064-SEB-TAB, 2013 WL 4763550, at *1 (S.D. Ind. Sept. 4, 2013) ("A claim against a person in his or her 'official capacity' is an alternative way of asserting a claim against a governmental entity …."). It is well established that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978). Rather, under *Monell*, a constitutional deprivation may be attributable to a municipality only "when execution of a government's policy or custom … inflicts the injury." *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008) (quotation marks and citation omitted). A plaintiff can show that a constitutional violation resulted from the execution of a municipal policy or custom in the following three ways: "(1) an express policy causing the loss when enforced; (2) a widespread practice constituting a 'custom or usage' causing the loss; or (3) a person with final policymaking authority causing the loss." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (quoting *Chortek v. City of*

3

*Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004)).  Here, Mr. Lloyd's allegations involving Washington County and Sheriff Miller in his official capacity relate solely to the actions taken by individuals.  Mr. Lloyd does not allege that any custom or policy of Washington County or the Sheriff's Department caused his injury.  Accordingly, Mr. Lloyd's complaint against Washington County and Sheriff Miller in his official capacity must be dismissed.

Mr. Lloyd's claim against Judge Newkirk based on his having "signed off" on the search warrant that Mr. Lloyd claims was not supported by probable cause as well as Mr. Lloyd's claim that his speedy trial rights have been violated in the state criminal case against him over which Judge Newkirk presides must also be dismissed.  It is well-established issuing a warrant is a judicial act protected by absolute judicial immunity. *Burns v. Reed*, 500 U.S. 478, 492 (1991) ("[T]he issuance of a search warrant is unquestionably a judicial act….").  Judge Newkirk is also entitled to judicial immunity for any decisions he has made in Mr. Lloyd's criminal case regarding speedy trial motions.  *See Da Vang v. Hoover*, 478 Fed. App'x 326, 327 (7th Cir. 2012) (holding that state court judges "cannot be sued for damages under § 1983 … for judicial actions, even if the judge commits a procedural error or acts in excess of authority, unless the judge acts in clear absence of jurisdiction").

Prosecutor Houchin is also entitled to dismissal of Mr. Lloyd's claim against him based on his having sought a warrant allegedly without probable cause.  Prosecutor Houchin's efforts in obtaining and securing the search warrant are protected by absolute prosecutorial immunity under Seventh Circuit law.  *See Thomas v. City of Peoria*, 580

4

F.3d 633, 638–39 (7th Cir. 2009) (recognizing absolute immunity for prosecutor who filed for an arrest warrant). Although not completely clear, Mr. Lloyd also alleges that Prosecutor Houchin, along with other defendants, tampered with evidence in connection with securing the warrant. Prosecutors are not entitled to absolute immunity for their actions taken in administrative or investigative functions, which includes pre-indictment fabrication of evidence. *Buckley v. Fitzsimmons*, 509 U.S. 259, 275–76 (1993) (holding that prosecutor's fabrication of false evidence during the preliminary investigation of an unsolved crime is entitled only to qualified immunity). Because Mr. Lloyd's allegation that Prosecutor Houchin was involved in evidence tampering could potentially encompass actions outside of his advocacy role, Mr. Lloyd's claim based on this allegation survives screening.

Likewise, we shall not dismiss Mr. Lloyd's Fourth Amendment claims against Trooper Powers and Sheriff Miller, in his individual capacity, pursuant to § 1915A, at least not at this time. While these claims survive for now, they do not provide a basis for relief as framed in this litigation. Mr. Lloyd has disclosed in his complaint, and the court has confirmed through a search of public records, that he is currently a defendant in an ongoing case being prosecuted in Washington Superior Court relating to the incident(s) described in his complaint. Importantly, that criminal case remains open on the Washington Superior Court docket with the charges unresolved.

Under *Younger v. Harris*, 401 U.S. 37 (1971), "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state

5

proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). The claims alleged here in Mr. Lloyd's federal lawsuit, to wit, claims of damages resulting from an alleged illegal search and seizure, evidence fabrication, and his false imprisonment, "involve constitutional issues that may be litigated during the course of his criminal case" such that deciding those issues in federal court at this time "could undermine the state court proceeding." *Id.* If Mr. Lloyd believes that "there are infirmities in his state criminal case[] that warrant dismissal of [that] case[], or the exclusion of certain evidence due to violations of his constitutional rights," he should raise those issues in his state criminal proceedings. *Tate v. Ramirez*, No. 19-CV-1520-JPS, 2020 WL 291939, at *2 (E.D. Wis. Jan. 21, 2020). For these reasons, *Younger* abstention applies to the issues he has raised here and we will refrain from addressing or adjudicating them in this forum.

However, "[b]ecause monetary relief is not available to [Mr. Lloyd] in his defense of criminal charges … and because his claims may become time-barred by the time the state prosecution has concluded," we will stay rather than dismiss these civil-rights claims. *See Gakuba*, 711 F.3d at 753. Mr. Lloyd will be permitted to proceed on his claims against Sheriff Miller, Trooper Powers, and Prosecutor Houchin as described herein, but not until the conclusion of his state court criminal proceedings. In the meantime, these claims will be stayed, and Mr. Lloyd must notify the Court within twenty-one (21) days of the conclusion of his pending criminal case, at which time the

6

Court can decide on the appropriateness of lifting the stay and ordering service upon Defendants Miller, Powers, and Houchin.

    IT IS SO ORDERED.

Date: _____8/21/2020_____       _____*Sarah Evans Barker*_____
                                                                  SARAH EVANS BARKER, JUDGE
                                                                  United States District Court
                                                                  Southern District of Indiana

Distribution:

PAUL S. LLOYD
WASHINGTON COUNTY SHERIFF'S OFFICE
801 Jackson Street
Salem, IN 47167